## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JOHN A. OLAGUES, Pro Se,** | **Civ. A. No. 17-CV-1870-JRA** |
| **Plaintiff,** | **Judge John R. Adams** |
| **v.** | **Magistrate Judge George J. Limbert** |
| **WARD TIMKEN, JR., et al.,** | |
| **Defendants.** | |

## REPLY IN SUPPORT OF DEFENDANTS'
## MOTION UNDER RULE 12(f) TO STRIKE THE COMPLAINT

Defendants' memorandum in support of their motion to strike cited a bevy of decisions unanimously holding that *pro se* litigants, like Olagues, cannot pursue representative claims, like the one asserted in the Complaint. That rule is supported by the sound policy justification that prohibiting "non-lawyer representation 'protects the rights of those before the court' by preventing an ill-equipped lay person from squandering the rights of the party he purports to represent." *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)). Olagues in response submitted a three-page opposition, which block-quoted a Ninth Circuit decision addressing a different issue, and an affidavit with nearly thirty pages of exhibits attempting to explain away past findings of his litigation misconduct. Days later, as if attempting to prove the veracity of the observation that "the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court," *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (citations omitted), Olagues lobbed onto the Court's docket a pre-answer motion for summary judgment that cites not a single case in

support of his Section 16(b) theory.  The Court should put an end to this behavior and strike the Complaint.

The Complaint asserts a Section 16(b) claim.  Claims under Section 16(b) may be brought only by the company or by a stockholder "in the name and in behalf of the [company]." 15 U.S.C. § 78p(b).  Any stockholder claim under Section 16(b) is a representative action.  The Complaint recognizes this fact, as it explicitly alleges that the action is being brought "for the firm, TimkenSteel Corp."  Cmplt. ¶ 7.  Binding Supreme Court precedent similarly confirms that Section 16(b) claims are not claims personal to the stockholder.  *See Gollust v. Mendell*, 501 U.S. 115, 127 (1991) ("A security holder eligible to institute suit will have no direct financial interest in the outcome of the litigation, since any recovery will inure only to the issuer's benefit."); *Burks v. Lasker*, 441 U.S. 471, 484 n.13 (1979).  *See also Donoghue v. Bulldog Investors Gen. P'ship*, 696 F.3d 170, 175 (2d Cir. 2012) ("Where, as here, a shareholder plaintiff pursues a § 16(b) claim on behalf of an issuer, the claim is derivative in the sense that the corporation is the instrument . . . for the effectuation of the statutory policy." (citations omitted; alteration in original)) (collecting cases).  Olagues did not challenge this law in his opposition.

Sixth Circuit law unambiguously holds that actions brought on behalf of others, such as derivative suits on behalf of corporations, cannot be litigated *pro se*.  Litigants may "not . . . appear *pro se* where interests other than their own are at stake."  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  The ability to appear *pro se* is limited to litigating one's own case: "[f]ederal law allows parties to 'plead and conduct ***their own cases*** personally or by counsel.'  28 U.S.C. § 1654. . . .  [T]his language . . . impose[s] a barrier on pro se litigants wishing to appear on behalf of 'another person or entity,' including a corporation."  *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (citations omitted; emphasis supplied); *see also Cavanaugh ex rel.*

*Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007). The rule against *pro se* representation of a corporation's interests dates back two centuries. *See Bass*, 788 F.3d at 230-31 (citing cases). Olagues disputed none of this.[1]

The only thing Olagues contested in his opposition was whether a motion to strike under Rule 12(f) is the appropriate procedural vehicle to effectuate the ban on *pro se* representation of others. Numerous decisions hold that it is. *See, e.g.*, *Moro Aircraft Leasing, Inc. v. Keith*, 789 F. Supp. 2d 841, 844-45 (N.D. Ohio 2011) (striking answer filed by corporation not represented by counsel); *Dr. JKL Ltd. v. HPC Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Simply put, defendant Yuen, a *pro se* litigant not licensed to practice law in California, cannot appear on behalf of HPC. Therefore, to the extent that the Answer was filed on behalf of defendant HPC, it must stricken."); *Liberty Mut. Ins. Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14, 15 n.3 (D.D.C. 2003) ("A corporation, however, may not appear *pro se*. . . . If a corporate defendant does not retain counsel, the court may strike the corporation's answer.").

Olagues relies entirely on *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), which is the only case he cites. That case stands for the inapposite proposition that Rule 12(f) motions cannot be used to achieve merits rulings that should be sought under other rules. *See id.* at 975 ("Handi–Craft's 12(f) motion was really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion."). Defendants, however, are not attempting to achieve a merits ruling

---

[1] Indeed, when a nonlawyer attempts to litigate on behalf of another, he engages in the unauthorized practice of law. *See, e.g.*, *Cleveland Metro. Bar Ass'n v. Wooten*, 10 N.E.3d 703, 706 (Ohio 2014) ("The evidence before us clearly demonstrates that Wooten prepared and filed legal pleadings in a large number of cases. He has therefore engaged in the unauthorized practice of law by providing legal services for another without being admitted or certified to practice law.").

now.  *See* Defs.' Mem. at 7 n.3 (noting that the Complaint's allegations "are baseless and legally insufficient" but that at present it suffices to deal with "the threshold insufficiency addressed in this motion," *i.e.*, Olagues's inability to prosecute these claims *pro se*).  That Olagues's case is off-point is evident from the Northern District of California decision cited in Defendants' opening memorandum:  *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965 (N.D. Cal. 2014).  *Langan* was decided after the *Whittlestone* decision relied upon by Olagues, and *Whittlestone* is binding precedent in that circuit.  Nevertheless, *Langan* granted a motion to strike allegations from a *pro se* complaint improperly asserting class claims.  *Id.* at 988 ("*Pro se* plaintiffs may not serve as counsel for a class" (citations omitted)).  *See also AT&T Mobility LLC v. Yeager*, No. 2:13-cv-00007-KJM-DB, 2017 WL 5177648, at *1-3 (E.D. Cal. Nov. 8, 2017) (citing *Whittlestone* and striking answer and cross-claims filed by *pro se* litigant).  Even if this case were in the Ninth Circuit, striking the Complaint under Rule 12(f) would be fully authorized.

The present situation demonstrates the sound policy justifications underlying the rule against *pro se* prosecution of representative actions.  *See, e.g.*, *Zanecki*, 576 F. App'x at 595; *Flaherty*, 540 F.3d at 92.  The Complaint alleges that the Company, not Olagues, has a valuable Section 16(b) claim.  Cmplt. ¶ 7 ("[T]his securities enforcement action is brought . . . to obtain a recovery for the firm, TimkenSteel Corp.").  Yet before filing the typo-ridden Complaint, Olagues—an adjudicated vexatious litigant—repeatedly attempted to extort from the Company a payment *to him* in exchange for his not pursuing the case.  Defs.' Mem. at 3-5.  Olagues then filed this Complaint *pro se* in the face of previous court orders refusing or challenging his pursuit of his other Section 16(b) strike suits *pro se*.  *Id.* at 10-11.  After Defendants moved to strike his Complaint on exactly those grounds, Olagues responded with a brief that failed to address the

- 4 -

substance of the points raised by Defendants and instead quoted at length an irrelevant out-of-circuit decision and attempted to rationalize his own past litigation misconduct.  Then, before the Court could rule on Defendants' threshold motion and before Defendants had even begun to address the substance of the Complaint, Olagues filed a premature motion for summary judgment bereft of precedential support or admissible evidence.  Olagues is ill-suited to prosecute claims on the Company's behalf, and the bar on *pro se* prosecution of others' claims exists precisely to avoid the personal sideshows and clumsy litigation on display here that threaten the interests of the very parties on whose behalf Olagues purportedly is acting.

In sum, it is black-letter law that claims on behalf of corporations, like Section 16(b) claims, cannot be prosecuted *pro se*.  Olagues did not contest that law, nor could he.  The law also is clear that a Rule 12(f) motion to strike is the appropriate method of dealing with improper *pro se* claims.  The Court should grant Defendants' motion and strike the Complaint.

Dated:  December 28, 2017                    Respectfully submitted,


                                             /s/  *Geoffrey J. Ritts*
                                             Geoffrey J. Ritts  (0062603)
                                             E-mail:  gjritts@jonesday.com
                                             Brandon G. Mordue (0092146)
                                             E-mail:  bmordue@jonesday.com
                                             Jones Day
                                             901 Lakeside Avenue
                                             Cleveland, Ohio  44114-1190
                                             Telephone:    +1.216.586.3939
                                             Facsimile:    +1.216.579.0212

                                             *Attorneys for Defendant Ward Timken, Jr.*


                                             /s/  *Frank A. DiPiero*
                                             Frank A. DiPiero (0008312)
                                             E-mail:  frank.dipiero@timkensteel.com
                                             Kristine Syrvalin (0062262)
                                             E-mail:  kristine.syrvalin@timkensteel.com
                                             TimkenSteel Corporation
                                             1835 Dueber Avenue S.W.
                                             Canton, Ohio  44706
                                             Telephone:    +1.330.471-7000
                                             Facsimile:    +1.330.471-4041

                                             *Attorneys for Nominal Defendant*
                                             *TimkenSteel Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 28, 2017, a copy of the foregoing

REPLY IN SUPPORT OF DEFENDANTS' MOTION UNDER RULE 12(f) TO STRIKE THE

COMPLAINT was filed electronically with the Court. Notice of this filing will be sent by

operation of the Court's electronic filing system to all parties indicated on the electronic filing

receipt, and will be served by regular U.S. mail, postage prepaid, on:

> John Olagues
> 413 Sauve Rd.
> River Ridge, LA 70123

Parties may access this filing through the Court's system.

/s/ *Geoffrey J. Ritts*
Geoffrey J. Ritts (0062603)
*Attorney for Defendant Ward Timken, Jr.*