UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| John A. Olaques, | CASE NO. 5:17CV1870 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| | **MEMORANDUM OF OPINION** |
| Ward Timken, Jr., | |
| Defendant. | |

This matter comes before the Court on a motion to strike filed by Defendant Ward Timken, Jr. Doc. 10. Plaintiff John Olaques has responded in opposition to the motion, and Timken has replied. The motion to strike is GRANTED and this matter is hereby DISMISSED.

Olaques filed the pro se complaint herein on September 6, 2017. The complaint is "brought pursuant to Section 16(b) of the Securities Exchange Act of 1934[.]" Doc. 1 at 1. The complaint asserts that is "brought by Plaintiff in order to obtain a recovery for the firm, TimkenSteel Corp." Doc. 1 at 3. Based upon the fact that this matter was filed pro se and seeks recovery on behalf of a third-party, Timken moved to strike the complaint. The Court now reviews his arguments.

Where, as here, a purported shareholder plaintiff pursues a § 16(b) claim on behalf of an issuer, the claim "is derivative in the sense that the corporation is the instrument ... for the effectuation of the statutory policy." *Donoghue v. Bulldog Inv'rs Gen. P'ship*, 696 F.3d 170, 175 (2d Cir. 2012).

> Just as a business entity cannot represent itself in court, *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966), neither may a shareholder acting on behalf of a corporate entity. *See Phillips v. Tobin*, 548 F.2d 408, 411-15 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney."); *Business*

> *Watchdog v. ITEX Corp.*, 2014 WL 5525718, at *1 (S.D.N.Y. Oct. 29, 2014); *Tang v. Vaxin, Inc.*, 2016 WL 892757, at *13 (N.D. Ala., Mar. 9, 2016); *Brojer v. Kuriakose*, No. 11–CV–3156, 2011 WL 3043778, at *3 (E.D.N.Y. July 20, 2011); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (finding a shareholder's request to intervene pro se was just a means to avoid the requirement that a corporation be represented by counsel and thus impermissible.); *Cramer v. General Telephone & Electronics Corp.*, 582 F.2d 259, 267 (3d Cir. 1978) ("In a shareholder's derivative suit, the substantive claim belongs to the corporation.")(citing *Ross v. Bernhard*, 396 U.S. 531, 538-39 (1970)).

*Cohen v. Moore,* No. CV 16-661, 2016 WL 7474815, at *2 (W.D. Pa. Dec. 29, 2016).

Olaques has not contested that any of the law set forth above (or by Timken in his motion to strike) in inapplicable to his suit herein. Instead, Olaques appears to contend that a motion to strike is the improper vehicle to utilize to attack his pro se status. Olaques contends that his pro se status does not fit neatly into any of the categories that are detailed in Fed.R. Civ.P. 12(f) and therefore Timken cannot utilize a motion to strike. In so doing, Olaques ignores that this Court has the inherent authority to strike any improper filing. As Olaques is not permitted to appear pro se on behalf of a corporation, the Court has the inherent authority to strike his improper filing.

The motion to strike the complaint is GRANTED. This matter is hereby DISMISSED.

IT IS SO ORDERED.


Date: January 2, 2018                           _/s/ John R Adams_____
                                                JOHN R. ADAMS
                                                U.S. DISTRICT JUDGE